UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00473-RJC-DCK

| | |
|---|---|
| SUSAN GORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES., et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. No. 5).

Plaintiff is a nonimmigrant resident in valid L-2 status who had work authorization valid until August 10, 2021. (Doc. No. 5 at 1). She seeks emergency relief from alleged immediate and irreparable harm due to Defendants' alleged unreasonable delay in adjudicating her I-765 application to renew her Employment Authorization Document ("EAD"), which has been pending for approximately five months. (Id.). Plaintiff has been out of work since August 10, 2021, when her previous EAD expired. (Id.).

A temporary restraining order is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A Charles Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure § 2951 (2d ed). It is an "extraordinary and drastic remedy" never awarded as a matter of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding such request." Amoco Production Co. v. Gambell, 480

1

U.S. 531, 542 (2008). A plaintiff seeking a temporary restraining order must establish four elements, including that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in its favor; and, (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, the Court finds that Plaintiff has failed to establish that her claim will likely succeed on the merits at this time. Plaintiff has cited to no statute or mandate that requires Defendant to adjudicate I-765 applications within five months. Moreover, a case in a sister circuit with almost identical facts denied a TRO. See, e.g., Muvvala v. Wolf, 2020 U.S. Dist. LEXIS 177082, *4–6, 18 (D.D.C. Sept. 25, 2020) (finding a delay of at least 103 days was not unreasonable). Thus, based on the currently presented evidence and five-month delay, the Court declines to grant a TRO.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for TRO and Preliminary Injunction, (Doc. No. 5), is **DENIED in part** as to the TRO;

2. This Court **RESERVES JUDGMENT** as to the preliminary injunction and will conduct a hearing on the merits of the preliminary injunction on Friday, October 22, 2021, at 12:00 pm in Courtroom 4A. Defendants' Response to Plaintiff's preliminary injunction motion is due by October 1, 2021. Plaintiff's Reply is due by October 8, 2021.

Signed: September 21, 2021

Robert J. Conrad, Jr.
United States District Judge